ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRICKMAN INVESTMENTS, INC., *Individually and on Behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> SECURITY CAPITAL ASSURANCE LTD, PAUL S. GIORDANO, DAVID SHEA, GOLDMAN, SACHS & CO, J.P. MORGAN SECURITIES INC., MERRILL, LYNCH, PIERCE, FENNER & SMITH INC., and XL INSURANCE LTD., <br><br> Defendants. | CASE #: 1:07-cv-11086-DAB |
| 2 WEST, INC., *On Behalf of Itself and all others similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> SECURITY CAPITAL ASSURANCE LTD, XL INSURANCE, LTD, PAUL S. GIORDANO, and DAVID P. SHEA, <br><br> Defendants. | CASE #: 1:07-cv-11358-DAB |

DAB
4/23/08

[PROPOSED] ORDER CONSOLIDATING ACTIONS, APPOINTING
EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF RHODE ISLAND
AS LEAD PLAINTIFF, AND APPROVING ITS SELECTION OF LEAD COUNSEL

14388v1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2008
```

| | |
|---|---|
| ROBERT CLARKE, *Individually and on Behalf of all others similarly situated*,<br><br>                              Plaintiff,<br>vs.<br><br>SECURITY CAPITAL ASSURANCE LTD, PAUL S. GIORDANO, DAVID P. SHEA, XL INSURANCE, LTD., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., GOLDMAN, SACHS & CO., and J.P. MORGAN SECURITIES INC.,<br><br>                              Defendants. | **CASE #: 1:08-cv-00158-UA** |

14388v1

Having considered the Motion of Employees' Retirement System of the State of Rhode Island ("Rhode Island") to consolidate actions, be appointed as lead plaintiff, and for approval of selection of lead counsel, the memorandum of law and declaration in support thereof, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The captioned actions are consolidated for all purposes (the "Consolidated Action"). This order (the "Order") shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court and is consolidated with the Consolidated Action.

2. A Master File is established for this proceeding. The Master File shall be Civil Action No.: 07-CV-11086 (DAB). The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

3. An original of this Order shall be filed by the Clerk in the Master File.

4. The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

5. Every pleading filed in the Consolidated Action shall have the following caption:

---

IN RE SECURITY CAPITAL ASSURANCE LTD.    Civ No. 07-CV-11086 (DAB)
SECURITIES LITIGATION

---

6. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

7. When a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall

    a. File a copy of this Order in the separate file for such action;

    b. Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

    c. Make the appropriate entry in the Master Docket for the Consolidated Action.

8. Each new case that arises out of the subject matter of the Consolidated Action, which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently-filed or transferred related action.

9. Rhode Island is appointed to serve as lead plaintiff in the captioned actions and any related action subsequently transferred to or filed in this Court, pursuant to Section 21D(a)(3)(B), 15 U.S.C. § 78u-4 of the Securities Exchange Act of 1934 and Section 27(a)(3)(B), 15 U.S.C. § 77z-1 of the Securities Act of 1933.

10. The law firm of Bernstein Liebhard & Lifshitz, LLP is hereby appointed lead counsel for the Class. Lead counsel shall provide general supervision of the activities of

plaintiffs' counsel and shall ensure that all work performed by plaintiffs' counsel is neither duplicative nor unproductive. Lead counsel shall have the following responsibilities and duties to perform or delegate as appropriate to:

    a.    brief and argue motions;

    b.    initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, the preparation of written interrogatories, requests for admissions, and requests for production of documents;

    c.    direct and coordinate the examination of witnesses in depositions;

    d.    act as spokesperson at pretrial conferences;

    e.    call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

    f.    initiate and conduct any settlement negotiations with counsel for defendants;

    g.    provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

    h.    consult with and employ experts;

    i.    collect time reports of all attorneys on behalf of plaintiffs and to determine if the time is being spent appropriately and for the benefit of plaintiffs; and

    j.    perform such other duties as may be expressly authorized by further order

of this Court.

11.     Rhode Island shall cause a Consolidated Amended Complaint to be filed with the Court and served on defendants' counsel within sixty (60) days of the date of entry of the Order.

12.     Defendants shall have no obligation to file any answer or otherwise responsive papers to any of the pending individual complaints hereby consolidated other than the Consolidated Complaint.

IT IS SO ORDERED.

DATED: **April 23, 2008**

_Deborah A. Batts_
United States District Court Judge

4

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the following counsel of record in the consolidated actions filed in this Court, First Class Mail prepaid this 5th day of February, 2008:

*Attorneys for Plaintiffs*:

**Samuel H. Rudman**
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road,
Suite 200
Melville, NY 11747
Tel: 631/367-7100
Fax: 631/367-1173

**Evan J. Smith**
Brodsky & Smith, L.L.C.
240 Mineola Blvd.,
Mineola, NY 11501
Tel: 516/741-4977

**Richard A. Speirs**
Zwerling, Schachter & Zwerling
41 Madison Avenue
New York, NY 10010
Tel: 212/223-3900
Fax: 212/371-5969

/s/
_____
JOSEPH R. SEIDMAN, JR.

14537v1